**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

v.                                                                                          5:06-CR-64 (NAM)

**EAST COAST CAPITAL COMPANY, LLC,**

      **Defendant.**
_____

**APPEARANCES:**

| | |
|---|---|
| Glenn T. Suddaby | Craig Benedict, |
| United States Attorney | Assistant United States Attorney |
| Northern District of New York | |
| 100 South Clinton Street | |
| Syracuse, New York 13261 | |
| For the United States of America | |
| | |
| Menter, Rudin & Trivelpiece, P.C. | Steven B. Alderman, Esq. |
| 500 South Salina Street, Suite 500 | Thomas J. Fucillo, Esq. |
| Syracuse, New York 13202-3300 | |
| For the Defendant | |

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

**ORDER**

On March 9, 2006, defendant East Coast Capital Company, LLC entered a plea agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. Defendant pled guilty to violating the Clean Air Act and the Clean Water Act from 2004-2005, in violation of 18 U.S.C. § 371. Pursuant to the plea agreement, the government and defendant agreed that the appropriate disposition of this case would include defendant's payment to the United States a criminal fine of $500,000, a $400 special assessment, and placement on a term of probation for two years. On August 24, 2006, the Court sentenced defendant to probation for a term of two years. Standard

Condition number 2 of probation required that defendant answer truthfully all inquiries by the probation officer and follow the instruction of the probation officer, and Special Condition number 2 required defendant to "make periodic reports to the probation officer, at semi-annual intervals regarding the company's progress in implementing" an Effective Compliance and Ethics Program.

On October 25, 2007, the Court ordered the issuance of a summons in response to the United States Probation Office's petition alleging violations of probation. The petition alleged that defendant violated both financial conditions by failing to pay the $500,000 fine and the $400 special assessment.[1] The petition further alleged that defendant failed to provide copies of tax returns in response to probation's request, in violation of Standard Condition number 2, and that defendant failed to provide semi-annual progress reports, in violation of Special Condition number 2. Following an initial appearance regarding the revocation proceedings on November 9, 2007, the Court directed the appearance of Norman Dansker, Manager of East Coast Capital, and individual in charge of defendant's business decisions.

On December 10, 2007, Dansker appeared for a revocation hearing in connection with this matter. Dansker admitted that defendant had not paid the $500,000 fine and that defendant had not provided semi-annual reports. Dansker testified that defendant was "out of business" and that defendant sold "a lot" of its properties but did not deliver the money from those sales to the Court because it "went to the mortgagees." Dansker stated that defendant did not provide a report to probation regarding this change in circumstances because he had no one to work with and was

---

[1] The Probation Office notified the Court that defendant paid the $400 special assessment on March 27, 2008.

2

"there alone." Dansker testified that "it was impossible to raise the money" to pay the $500,000 fine because defendant was behind in utility and telephone bills. Dansker stated that defendant failed to provide income tax returns to the Court because it had not completed any since losing its accountant. Dansker testified that defendant failed to provide operational information to probation because all records were in storage. Finally, in response to the Court's questioning, Dansker admitted that the records were being stored in a friend's warehouse, and that the records are "[a]bsolutely" available.

Based on the above, the Court concludes that Dansker, who is the manager of East Coast Capital and the guardian and custodian of its records, seems to be of the opinion that he need not comply with the Probation Office's requests or the Conditions of probation. Dansker is mistaken. "A command to the corporation is in effect a command to those who are officially responsible for the conduct of its affairs. If they, apprised of the writ directed to the corporation, prevent compliance or fail to take appropriate action within their power for the performance of the corporate duty, they, no less than the corporation itself, are guilty of disobedience, and may be punished for contempt." *Wilson v. United States*, 221 U.S. 361, 376 (1911). Accordingly, the Court directs Norman Dansker to produce all requested records to the Probation Office on or before May 19, 2008, and to comply with all obligations imposed on East Coast Capital by the Judgment and Conviction Order in this case. The Court may well hold Norman Dansker in contempt if he fails to comply with this Order.

For the foregoing reasons, it is hereby

**ORDERED** that Norman Dansker, as Manager of East Coast Capital, produce all requested records to the Probation Office on or before May 19, 2008, and comply with all

obligations imposed on East Coast Capital by the Judgment and Conviction Order in this case; and it is further

**ORDERED** that Norman Dansker, as Manager of East Coast Capital, may well be held in contempt if he fails to comply with this Order; and it is further

**ORDERED** that the Clerk of the Court is directed to serve Norman Dansker a copy of this Order via certified mail through the United States Postal Service at both addresses of record.  *See* Dkt. Nos. 18 and 19.

**IT IS SO ORDERED.**

Dated: May 5, 2008
　　　　Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge